lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID MARTIN PRICE, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 06-4055-JAR |
| ) | |
| v. ) | |
| ) | |
| SEVENTH CIRCUIT COURT OF ) | |
| APPEALS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER DENYING STAY PENDING APPEAL

This matter is before the Court on plaintiffs' "Emergency Stay of Execution of Judgment Until Pending Appeal Process is Complete" (Doc. 106), filed July 24, 2006. Plaintiffs seek a stay of the Court's order transferring the case to the Northern District of Illinois (Doc. 99), entered July 6, 2006, which plaintiffs have appealed to the Tenth Circuit Court of Appeals. For the reasons stated below, the motion is denied.

*Background*

On May 22, 2006, plaintiffs filed a Complaint (Doc. 1), asserting violations of their civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. The Complaint named as defendants several federal courts in the Seventh Circuit as well as court personnel, law firms and individual lawyers. The United States defendants filed a Motion to Transfer (Doc. 57) pursuant to 28 U.S.C.

§ 1404(a), which the Court granted. The case was terminated and a Letter of Transfer was sent to the Northern District of Illinois on July 7, 2006 (Doc. 100), which was received by the

Northern District of Illinois on July 10, 2006 (Doc. 103).

*Discussion*

Fed. R. App. 8(a)(1) provides that a motion for stay of proceedings pending appeal must ordinarily first be sought in the district court. Four factors apply to the Court's consideration of plaintiffs' motion to stay: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to the opposing party if the stay is granted; and (4) the harm to the public interest.[1]

As a threshold matter, the Court questions whether it has jurisdiction to entertain this motion. Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer.[2] Thus, it appears this Court's jurisdiction was terminated on July 10, 2006, the date the Northern District of Illinois received the Letter of Transfer,[3] and that this Court no longer has jurisdiction over this matter.

Nonetheless, the Court will address the issue of likelihood of success on the merits. A district court's order granting or denying a transfer pursuant to § 1404(a) is an interlocutory order not immediately appealable under 28 U.S.C. § 1291.[4] The party opposing transfer may seek certification under 28 U.S.C. § 1292(b) to appeal the transfer or else petition for mandamus

---

[1] 10th Cir. R. 8.1.

[2] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) (citing cases). Because the District of Kansas uses electronic case filing, it was not necessary to physically transfer the file to the transferee court, which may access the electronic case file and print copies of electronically filed documents. *See* Doc. 100, Letter of Transfer.

[3] *Id*. (citations omitted).

[4] *Id*. at n.7 (citing *Equifax Serv. v. Hitz*, 905 F.2d 1355, 1362 (10th Cir. 1990)).

under the All Writs Act, 28 U.S.C. § 1651.[5]  Plaintiffs have not availed themselves of either of these options, instead filing a direct Notice of Appeal (Doc. 104).

Moreover, even if the Circuit were to entertain an interlocutory appeal, plaintiffs' likelihood of success on the merits is slim, as the determination of whether or not to transfer an action to another district court lies within the sound discretion of the district court.[6]  Plaintiffs have not offered any argument or authority not previously considered by this Court in its order granting the United States defendants' motion to transfer.  Thus, the Court finds that plaintiffs have failed to show a likelihood that they will prevail on the merits of the appeal.  Because the Court denies the motion for stay on this basis, it need not address the remaining factors for obtaining a stay, save to mention that plaintiffs have failed to address any of the factors in their motion.

Accordingly, the motion for stay pending appeal is denied.  Plaintiffs are advised that they may nevertheless request a stay pending appeal from the Court of Appeals pursuant to Fed. R. App. P. 8(a).[7]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' motion for stay pending appeal (Doc. 106) is DENIED.

IT IS SO ORDERED.

---

[5]*Id*. (citing *Hustler Magazine v. United States District Court*, 790 F.2d 69, 70 (10th Cir. 1986)).

[6]*Schecher v. Purdue Pharma. L.P.*, 317 F. Supp. 2d 1253, 1261 (D. Kan. 2004).

[7]The Court notes that the date the transferred case is docketed in the transferee court also forms the effective date that appellate jurisdiction in the transferor circuit is terminated.  *Chrysler Credit Corp.*, 928 F.2d at 1517 (citations omitted).  In so noting, this Court takes no position on whether the Tenth Circuit has jurisdiction over this matter.

Dated this 25th day of July 2006.

                                              s/Julie A. Robinson
                                              Julie A. Robinson
                                              United States District Judge